CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 NOV 19  AM 10: 22

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER DAVID OGDAHL,<br>TDCJ #1549783,<br>  Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>  Respondent. | Civil No. 7:12-CV-175-O-BL |

## REPORT AND RECOMMENDATION

Petitioner, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. Ogdahl challenges the validity of disciplinary action no. 20120276716 which was brought against him at the Allred Unit. Petition ¶ 17. Petitioner was found guilty of trafficking and trading in violation of TDCJ rules. *Id.* The disciplinary action resulted in a reduction in Petitioner's custodial classification (which was later reversed), 45 days of recreation and commissary restrictions, denial of parole, the loss of an unspecified number of previously earned good-time credits, and the forfeiture of $365. *Id.* at ¶ 18.

Petitioner has failed to state a colorable claim for habeas corpus relief. Even if the reduction in his custodial classification had not been reversed, Ogdahl would not be entitled to habeas relief with regard to that punishment. He has no constitutionally protected interest in his prison custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits,

which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Therefore, a reduction in custodial classification does not warrant due process protections.

With regard to the loss of recreation and commissary privileges, Ogdahl is not entitled to habeas relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Ogdahl do not raise such concerns.

Ogdahl claims that he was denied release on parole as a result of the disciplinary action. Conditional release from confinement in the form of parole to serve the remainder of one's sentence outside prisons walls is left solely to the discretion of the Board of Pardons and Paroles. Because the decision to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to such release. *See, e.g., Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Because Ogdahl has no liberty interest in obtaining release on parole, there are no due process concerns at issue.

Petitioner concedes that he is not eligible for mandatory supervised release. Petition ¶ 16. Therefore, he has no constitutionally protected liberty interest at stake with regard to the forfeited good-time credits. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate who is eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

Finally, Petitioner claims that a $365 hold was unlawfully placed on his inmate trust account as a result of the disciplinary action. Such a claim does not implicate any liberty interest and does not constitute a ground for habeas relief. However, a deprivation-of-property claim may be cognizable under the Civil Rights Act. 42 U.S.C. § 1983. For that reason, this claim has been severed from the instant action and will be considered in a new action filed under 42 U.S.C. § 1983. Petitioner will have an opportunity to continue with that action or withdraw it.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 19th day of November, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE